NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANWAR-JAMAL AHBANAWA, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-CV-1459 (DMC) |
| CITY OF NEWARK, NEW JERSEY, INTERNAL REVENUE SERVICE/IRS H.A. JOSHUA, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant City of Newark ("City") to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that the City's motion to dismiss is **granted**.

I.   **BACKGROUND**[1]

Plaintiff Anwar-Jamal Ahbanawa ("Plaintiff") alleges that the City has improperly merged file information from his prior name, Anwar-Jamal Stewart, with file information from his current name after his name change. Plaintiff further alleges that this creates a contract under his current name with the Social Security Administration and, thus, makes a legal determination

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

against his will. Plaintiff claims that the City has violated his First and Thirteenth Amendment rights as well as 18 U.S.C. § 241, 18 U.S.C. § 242 and 42 U.S.C. § 1983 by withholding federal income tax from his wages earned as an employee of the City. Plaintiff filed a Complaint, which the City responded to with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff then filed an Amended Complaint and the City has once again filed a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6).

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) , all allegations in the complaint must be taken as true and viewed in the light most favorable to the Plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

**III.     DISCUSSION**

The Amended Complaint in this matter is dismissed as a matter of law because none of the allegations state a viable cause of action against the City. In Plaintiff's Amended Complaint, Plaintiff alleges improper statutory claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 1983 and the First and Thirteenth Amendments to the United States Constitution. These claims are improper because the Amended Complaint does not state a claim against the City and its Agents. Plaintiff changed his name in an attempt to avoid paying federal income taxes. The City is required by Internal Revenue Service ("IRS") directive 26 U.S.C. § 3402 and 26 U.S.C. § 3403 to withhold federal income tax from Plaintiff's wages.

Suits brought by employees against employers for taxes withheld are statutorily barred, therefore, Plaintiff has no remedy. This Court is cognizant of the leniency given to *pro se* litigants. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Albinson, 356 F.3d 278 (3d Cir. 2004). Even with a more lenient reading of Plaintiff's Amended Complaint, however, it is apparent on its face that no relief may be granted.

A.   Plaintiff's Amended Complaint Fails to State a Claim under 18 U.S.C. § 241 & 18 U.S.C. § 242 and the Thirteenth Amendment

18 U.S.C. § 241 and 18 U.S.C. § 242 require a threat against or the deprivation of an individual's Constitutionally protected right, respectively. Plaintiff's Amended Complaint fails to establish the existence of either. Plaintiff claims a "divine right" that amounts to the right to create a new identity not subject to federal tax laws. The Constitution of the United States provides no support for such a right and indeed none exists. Furthermore, 26 U.S.C. § 3403

provides that employers are liable to the IRS for the payment of withheld taxes and shall not be liable to any person for the amount of such payments. As such, suits by employees against employers for taxes withheld are barred.

Plaintiff's Thirteenth Amendment allegation also fails to state a claim upon which relief can be granted. Plaintiff alleges that his Thirteenth Amendment rights are violated by being forced to perform under the status of his prior name. While the Supreme Court of the United States has determined that criminal liability may be properly brought under 18 U.S.C. § 241 and 242 with respect to matters such as slavery or involuntary servitude, no such matter exists in the present case. See United States vs. Kozminski, 487 U.S. 931 (1988).

B.   Plaintiff's Amended Complaint Fails to State a Claim under the First Amendment

The Supreme Court of the United States has extended the protection of the First Amendment to the states. See Edwards v. South Carolina, 372 U.S. 229 (1963). Plaintiff's First Amendment claims nonetheless fail. Plaintiff's allegation that his First Amendment rights have been violated is based on the allegation that the City has not allowed Plaintiff's status to be updated. This is false. The City presents a document dated August 7, 2007 that shows the Plaintiff's personnel record has been updated to reflect the Plaintiff's name change. Therefore, Plaintiff's freedom of speech or expression has not been violated by the City.

### C. Plaintiff Cannot Prove any State of Facts That Would Result in Liability to the City or its Agents under 42 U.S.C. § 1983

To establish a violation of § 1983, Plaintiff must (1) establish that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed under color of state law. See Am. Mfrs. Mut. Ins. Co v. Sullivan, 526 U.S. 40, 49 (1999); D'Aurizio v. Palisades Park, 963 F. Supp. 378. 383 (D.N.J. 1997). Section 1983 is not a source of substantive rights; rather, it provides a method for vindicating federal rights elsewhere. See Graham v. Connor, 490 U.S. 386, 393 (1989).

In the current case, Plaintiff's Amended Complaint fails to establish a deprivation of a Constitutionally protected right. 26 U.S.C. § 2402 states that an employer has a mandatory duty to withhold federal income tax. The IRS is also authorized to direct an employer to disregard an employee's claimed exemption and specify the withholding status for an employee. See 26 U.S.C. § 3402. Plaintiff's employer, the City, carried out its mandatory duty by order of the IRS to disregard Plaintiff's claimed exemption. Plaintiff has not presented any evidence in his Amended Complaint to suggest that Plaintiff has a constitutionally protected right to be exempt from paying federal income tax. Even if Plaintiff's claim is interpreted as a due process violation, Plaintiff was aware that the IRS had given the City orders to withhold federal income tax from Plaintiff's wages and that the City must comply with the IRS's orders. Plaintiff has failed to establish any evidence that he has been deprived of a constitutionally protected right and, as such, his § 1983 claim is dismissed.

## IV.     CONCLUSION

For the reasons stated, it is the finding of this Court that the City's motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:       July 28, 2008  
Orig.:      Clerk  
cc:         All Counsel of Record  
        Hon. Mark Falk, U.S.M.J.  
        File