NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANWAR-JAMAL AHBANAWA, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-CV-1459 (DMC) |
| CITY OF NEWARK, INTERNAL REVENUE SERVICE, H.A. JOSHUA, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Internal Revenue Service ("IRS") and H.A. Joshua to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss the Amended Complaint is **granted**.

I.   B<small>ACKGROUND</small>[1]

Plaintiff alleges that Defendants have improperly merged the file information for his prior name, Anwar-Jamal Stewart, with the file information for his current name, Anwar-Jamal Ahbanawa, to create a contract under his current name with the Social Security Administration ("SSA"). Plaintiff apparently prefers that he have no association with the SSA whatsoever under

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

his new name.  By interfering with his alleged right not to create a contract with the SSA under his new name, Plaintiff claims that Defendants have violated his First and Thirteenth Amendment rights, as well as 18 U.S.C. §§ 241 and 242.

Plaintiff filed an Amended Complaint on June 4, 2008, naming as Defendants the City of Newark, the IRS, and H.A. Joshua, an employee of the IRS.  The Court dismissed the action against the City of Newark on July 29, 2008 for failing to state a claim upon which relief can be granted.  The remaining Defendants filed this motion on August 4, 2008, arguing that the Amended Complaint should be dismissed for lack of subject matter jurisdiction, personal jurisdiction, failure to effect proper service, and failure to state a claim upon which relief can be grated.   This motion is unopposed by Plaintiff.

**II.     STANDARD OF REVIEW**

　　A.     *Fed. R. Civ. P. 12(b)(6)*

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) , all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S. Ct. 1955 (2007).  Specifically, the Court "retired" the language contained in Conley v.

Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45–46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

**III.  DISCUSSION**

The Amended Complaint must be dismissed under Rule 12(b)(6) because none of the allegations state a viable cause of action against either the IRS or Joshua.[2] Alternatively, the Amended Complaint may also be dismissed because neither the IRS or Joshua is a proper party; because the Court lacks subject matter jurisdiction to hear the case as against the United States; and because the United States was not properly served.

A.  *Failure to State a Claim under 18 U.S.C. §§ 241, 242 and the Thirteenth Amendment*

Plaintiff's claims under 18 U.S.C. §§ 241, 242, and the Thirteenth Amendment fail to state a claim upon which relief may be granted. Sections 241 and 242 are criminal statutes that "impose criminal sanctions for conspiracy against the rights of citizens and for deprivation of rights under color of law." Lewis v. Green, 629 F. Supp. 546, 554 (D.D.C. 1986). The statutes do not, however, create a private right of action for damages or authorize an individual to institute criminal proceedings. Id.; see also Figueroa v. Clark, 810 F. Supp. 613, 615 (E.D. Pa.

---

[2]The Court is cognizant of the leniency given to *pro se* litigants. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); United States v. Albinson, 356 F.3d 278, 284 n.9 (3d Cir. 2004). Even with a more lenient reading of Plaintiff's Amended Complaint, however, it is apparent on its face that no relief may be granted.

3

1992).  Accordingly, Plaintiff's claims under Sections 241 and 242 must fail.

Plaintiff's Thirteenth Amendment claim also fails.  Plaintiff alleges that he has been placed into a form of involuntary servitude by being forced to perform under the status of his prior name and to be under "contract" with the SSA.  Such allegedly compelled service, however, is not the type of activity protected by the Thirteenth Amendment, and does not suffice to support an action thereunder.  See United States v. Kozminski, 487 U.S. 931, 941–42 (1988).  Accordingly, Plaintiff has failed to state a claim under the Thirteenth Amendment upon which relief may be granted, and his claims thereunder are dismissed.

      B.    *Failure to State a Claim Under the First Amendment*[3]

The Amended Complaint also fails to state a claim under the First Amendment.  Plaintiff alleges that Defendants violated his First Amendment rights by preventing him from"exercis[ing] [his] divine free will to choose [his] status."  Plaintiff's claim appears based on an allegation that Defendants have not allowed Plaintiff's status to be updated under his new name. This claim fails, however, because the City of Newark has submitted a document dated August 7, 2007 showing that Plaintiff's personnel record has been updated to reflect the name change.  As a result, Plaintiff's freedom of speech and expression have not been violated by Defendants.

      C.    *Personal Jurisdiction*

Neither the IRS nor Joshua are proper parties to this action.  The IRS is an improper party

---

[3]Although Plaintiff did not oppose this motion, the Court notes that Plaintiff also raised the possibility of liability under 42 U.S.C. § 1983 for the first (and only) time on p. 3 of his opposition to the City of Newark's separate motion to dismiss.  Even though Plaintiff has not raised this claim in any form against the IRS or Joshua, the Court notes that Plaintiff has nonetheless failed to establish the deprivation of any constitutionally-protected right, or to present facts that would establish a deprivation under the color of state law.

because Congress has made no provision allowing suits of this type against the Agency. See Coolman v. Internal Revenue Service, 117 F. Supp. 2d 943, 948 (D. Neb. 2000). "When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity. Absent statutory extent to sue, dismissal is required." Id. (quoting Blackmar v. Guerre, 342 U.S. 512, 514 (1952), and Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985)). Since it appears that Congress has not provided for suit against the IRS under these circumstances, the IRS is an improper party.

  Nor is Joshua a proper party. A lawsuit against an IRS revenue officer for actions taken in his official capacity is effectively a suit against the United States. See Coolman, 117 F. Supp. 2d at 948. "Relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." Id. (citing State of Hawaii v. Gordon, 373 U.S. 57, 58 (1963)). In this case, Plaintiff appears to allege that, because he legally changed his name, the United States has no authority to collect the tax liabilities incurred under his old name, or to subject him to tax liabilities of the SSA under his new name. As a result, Plaintiff seeks a permanent injunction against the United States and related entities barring further collection of taxes. Such an injunction would operate against the United States, not Joshua. Accordingly, the suit against Joshua is actually a suit against the government, and Joshua is an improper party.

  Additionally, while a suit against Joshua individually may be possible as a Bivens action, Plaintiff has not specified any actions taken by Joshua that would subject him to liability. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Furthermore, the Third Circuit has held that a Bivens action cannot be inferred to permit suit against IRS employees for damages

5

resulting from constitutional violations alleged to have occurred in connection with the assessment and collection of taxes.  See Shreiber v. Mastrogiovanni, 214 F.3d 148, 149 (3d Cir. 2000) (establishing 26 U.S.C. § 7433 as the "exclusive remedy" for recovering damages in connection with any collection of federal tax).  Accordingly, Joshua is an improper party.

      D.    *Subject Matter Jurisdiction*

To the extent that Plaintiff's claims should instead be against the United States, the Court nonetheless lacks subject matter jurisdiction to hear the claims because the United States enjoys sovereign immunity in this area.  The United States may not be sued without the consent of Congress.  See Block v. North Dakota, 461 U.S. 273 (1983).  Consent by Congress must be "unequivocally expressed," and any allowances must be "construed strictly in favor of the sovereign."  United States v. Nordic Village, Inc., 503 U.S. 30, 33–34 (1992).

In this case, to the extent that Plaintiff seeks injunctive relief against collection of taxes by the United States, his claim fails because Congress has made no waiver of sovereign immunity in this area.  Plaintiff cites no authority allowing this action against the United States, nor has the Court been able to identify such a provision on its own.  In fact, a waiver of sovereign immunity appears to have been expressly rejected by the Anti-Injunction Act, which states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421.  Accordingly, this Court lacks subject matter jurisdiction to hear Plaintiff's request for injunctive relief, and his claim is hereby dismissed under Rule 12(b)(1).

   E.  *Service of Process*

  Plaintiff's Amended Complaint may also be dismissed for insufficient service of process upon the United States.  As explained above, were Plaintiff to have a proper claim, the proper defendant would be the United States of America.  Fed. R. Civ. P. 4(i) requires that service on the United States must be made: (1) by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; (2) by also sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States; and (3) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and complaint by registered or certified mail to the officer or agency.  In this case, although Plaintiff filed his Amended Complaint on June 4, 2008, it appears that the United States has yet to be served.  Accordingly, the Amended Complaint is dismissed under Rule 12(b)(5) for insufficiency of service of process.

**IV.**  **CONCLUSION**

  For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.

                S./ Dennis M. Cavanaugh
                Dennis M. Cavanaugh, U.S.D.J.

Date:    October   30  , 2008
Orig.:    Clerk
cc:    All Counsel of Record
     Hon. Mark Falk, U.S.M.J.
     File